IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | § | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 5:13-cr-634-5 |
| | § | |
| BLANCA ABUNDEZ | § | |
| | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's "Motion for Hardship Credit for Time Served." (Dkt. 368). Defendant requests two days credit for each day served in pretrial detention due to apparent hardships that she underwent at the Rio Grande Detention Center.

The statute which authorizes credit for prior custody is 18 U.S.C. §3585(b). United States v. Dowling, 962 F.2d 390, 392 (5th Cir. 1992). The Fifth Circuit has explained how prisoners can obtain judicial review of calculations of such credit:

> The United States Supreme Court held that § 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing, but that credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing. Prisoners may then seek administrative review of the computations of their credit, and, once they have exhausted their administrative remedies, prisoners may only *then* pursue judicial review of these computations.

Id. at 393 (cleaned).

Defendant does not present any evidence that she sought administrative review of the computation of credit before making this motion. Accordingly, the Court has no authority to grant Defendant the relief that she seeks. Once she seeks administrative review, Defendant may then seek relief by filing a motion under 28 U.S.C. §2241.

Accordingly, the motion (Dkt. 368) is DENIED.

DONE at Laredo, Texas, this 25th day of August, 2017.

_____
George P. Kazen
Senior United States District Judge